[Pennington, J.
— May not the defendant be arrested on a false affidavit, and the plaintiff’, holding the affidavit in his hand, refuse to file it, and thereby escape punishment for his perjury, and yet, the defendant kept in gaol until the ensuing term.]
Some rule of Court, may prevent any evil arising from that source. As to the objection, on the score of the affidavit’s not containing the cause of action, Mr. Williamson said, that the laxed state of our practice did not require a cause of action to be specifically stated; that the uniform practice bad been otherwise. That however defective the original affidavit might be, yet that those defects were were abundantly cured by the supplemental affidavit now produced. That the Common Pleas in England, were in the habit of admitting supplemental affidavits, Barnes 100, 2 Blac. Rep. 850, and he saw no reason why this Court should not follow the same practice. He understood the *110 rule te be, that when the original affidavit was so defective that perjury could not be assigned on it, then its defects cannot be supplied by supplemental affidavits; but in other cases they may, 2 Wil. 224. The affidavit .in this cause, if not sufficient of itself, as he liad before contended, yet it was such as perjury might be assigned on it; and, therefore, according to the doctrine in 2 Wil. its defects might be aided by a supplemental affidavit. As to the objection, on the ground of the money not being all due at the time of issuing process, that subject could not be brought into controversy, as our act of Assembly had interdicted all contradictory affidavits. That no objection could arise against reading the supplement affidavit, on the ground of want of notice, [*] or officer before whom they were taken. That the supplemental affidavit, like the original, did not require notice; and that the act of Assembly admitted affidavits to hold to bail, to be taken before a notary public in another state, an officer before whom the affidavit in question was taken ; and that it being a supplemental affidavit, made no difference, it was still an affidavit to hold to bail. On the whole, he trusted that the plaintiffs would not be deprived of the means of obtaining their debt, by the discharge of the defendant.
Kirkpatrick, C. J.
— Said, that he put his opinion on two points : First, That the affidavit ought to contain the cause of action, and to state it. with it witli so much particularity, as that it may appear, not only that there is a debt, but that there is a debt actually due, for which an arrest may lawfully he made. Second, That the affidavit should be filed before the defendant is arrested; that this is required by the act of Assembly, and that for the purpose of prosecuting the plaintiff for perjury, in case it is false. He would not give any opinion as to the total exclusion of suppleméntal affidavits; because, he was not prepared to say but that in some cases, supplemental affidavits might be proper. The reasons he had already stated, were sufficient, in his opinion, to discharge the defendant on common bail.